**Yu Chen TWAN, also known as Jian Yu Pan, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–1766–AGNAC.

United States Court of Appeals, Second Circuit.

Feb. 28, 2006.

Henry Zhang, Zhang & Assoc., P.C., New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Sarah E. Light, Sean H. Lane, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is

hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Yu Chen Twan, through counsel, petitions for review of the BIA decision denying his motion to reopen his immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000). The BIA abuses its discretion where its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Zhao v. United States Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted). An applicant for asylum who seeks to reopen his immigration proceedings must file a motion to reopen "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). The ninety-day limit does not apply where, *inter alia*, the applicant seeks to reopen his proceedings in order to apply or reapply for asylum and withholding "based on changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Further, a motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see also Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir.2005).

■ As a preliminary matter, this Court lacks jurisdiction to consider the March 1994 BIA decision denying Twan's March 1991 asylum application. Because the Government commenced removal proceedings against Twan in December 1990, and because the BIA issued a final order of expulsion in March 1994, Twan was required to file his petition for review within the 90–day period provided in 8 U.S.C. § 1105(a) prior to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). *See* 8 U.S.C. § 1105(a)(1) (1994). In this case, Twan did not file a petition for review until March 2005—well beyond the 90–day period—and this Court has jurisdiction to consider only the March 2005 BIA decision denying Twan's motion to reopen.

■ Twan based his motion to reopen his immigration proceedings on the fact that, since the conclusion of those proceedings, he had married and his wife had given birth to four children. In *Zheng v. United States Dep't of Justice*, 416 F.3d 129 (2d Cir.2005), this Court considered the petition for review of an alien who, like Twan, based his untimely motion to reopen, in part, on the fact that he had American-born children and, thus, he would be subject to China's coercive family planning policies if required to return to that country. In determining that the petitioner's motion to reopen did not qualify for exemption from the time requirement of § 1003.2(c), this Court determined that the motion "alleged before the BIA no changed circumstances *in China*; rather [the petitioner] claimed that his personal circumstances *in the United States* had changed." *Id.* at 130 (emphasis in original). Thus, according to this Court, the proffered evidence did not fit within the exception contained in § 1003.2(c)(3)(ii).

This Court's decision in *Zheng* clearly forecloses any argument that the BIA abused its discretion in denying Twan's motion to reopen as untimely. Like the petitioner in *Zheng*, Twan relied on evidence of his changed personal circumstances—his marriage and the birth of his four children—to overcome the time re-

quirement in § 1003.2(c)(2). Twan failed to demonstrate that, since the close of his immigration proceedings, circumstances in China had changed to the extent that he qualified for asylum. Accordingly, the BIA did not abuse its discretion in denying Twan's motion to reopen his immigration proceedings.

We have considered all of the petitioner's claims and find them to be without merit. The petition for review is therefore DENIED, and the outstanding motion for a stay of deportation is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).